```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

VAN GANDY,                          *
                                    *
    Plaintiff,                  *
                                    *
vs.                                 *  CIVIL ACTION NO. 20-00226-KD-B
                                    *
VT MAE,                             *
                                    *
    Defendant.                  *

## REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(a)(2)(S). Plaintiff Van Gandy, who is proceeding *pro se,* filed a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 3). Upon consideration, the Court granted Gandy's motion to proceed without prepayment of fees. (Doc. 4). Because Gandy is proceeding *in forma pauperis*, the undersigned has conducted an initial screening of his complaint under 28 U.S.C. § 1915(e)(2)(B).[1] See Taliaferro v. United States, 677 F. App'x 536,

---

[1] Section 1915(e)(2) provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal—

            (i) is frivolous or malicious;

537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). After careful review, it is recommended that this action be **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

I. Background.

Plaintiff Van Gandy ("Gandy") previously filed a *pro se* complaint against Defendant VT MAE ("MAE") in this Court on August 31, 2018. Gandy v. VT MAE, No. 1:18-cv-00381-KD-B (S.D. Ala. 2018) ("Gandy I").[2] In his prior complaint, Gandy alleged that he was

---

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] The Court takes judicial notice of court documents from Gandy I, No. 1:18-cv-00381-KD-B (S.D. Ala. 2018), because they are public records that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) ("The district court properly took judicial notice of the documents in [the plaintiff's] first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)).

2

employed as a mechanic by MAE[3] from February 11, 2008 to November 1, 2017. ECF No. 1 at 1-2. Gandy asserted that his employment was terminated on November 1, 2017, while he was on medical leave, in violation of his rights under the Americans with Disabilities Act ("ADA"). He further asserted that he did not receive equal pay as a mechanic, in violation of the Equal Pay Act ("EPA"). ECF No. 1 at 1-3. Gandy also alleged that he had filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding MAE's alleged discriminatory conduct in November 2017, and that he received his right-to-sue letter from the EEOC on August 2, 2018. ECF No. 1 at 3. Gandy attached a copy of the right-to-sue letter to his prior complaint.[4] ECF No. 1-2.

In resolving MAE's motion to dismiss Gandy's complaint under Federal Rule of Civil Procedure 12(b)(6), the undersigned found that Gandy's complaint failed to state a claim upon which relief could be granted because it did not allege the elements of a *prima facie* case under the ADA or the EPA. Gandy was ordered to file an amended complaint to correct the deficiencies in his original complaint. ECF No. 10. Gandy filed a "response" to the Court's order, which the undersigned construed as his amended complaint.

---

[3] MAE asserted that its correct name is VT Mobile Aerospace Engineering, Inc., not VT MAE, as designated in Gandy's complaint. Gandy I, ECF No. 6 at 1.

[4] The right-to-sue letter stated that it was mailed on August 1, 2018. Gandy I, ECF No. 1-2.

3

See ECF No. 12; ECF No. 14 at 2. Because Gandy's amended complaint failed to correct the pleading deficiencies in his original complaint, the undersigned recommended that Gandy's amended complaint be dismissed for failure to state a claim. ECF No. 14 at 10. On August 27, 2019, the Court adopted the undersigned's report and recommendation and dismissed Gandy I without prejudice. ECF No. 18; ECF No. 19.

## II. **Gandy's Complaint (Doc. 1)**.

On April 17, 2020, Gandy initiated the instant action by filing a complaint against MAE. (Doc. 1). In his complaint, Gandy alleges, as he did in Gandy I, that MAE terminated his employment on November 1, 2017, while he was on medical leave, in violation of Gandy's rights under the ADA. (Id. at 2-3). Gandy attaches to his complaint the same EEOC right-to-sue letter that was attached to his complaint in Gandy I, and he alleges that he received the right-to-sue letter on August 5, 2018. (See id. at 3-4).

## III. **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)**.

Because Gandy has sought and obtained permission to proceed *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce

4

a right that clearly does not exist. Id. at 327. Section 1915(e)(2)(B)(ii) "directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint 'fails to state a claim on which relief may be granted.'" Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). A complaint may be dismissed for failure to state a claim when, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke, 490 U.S. at 326. Moreover, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and to suggest the required elements of the claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007). Under § 1915(e)(2)(B)(iii), a claim must be dismissed when it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

When considering a *pro se* litigant's allegations, a court must give them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even in the case of *pro se* litigants, the court does not have "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an

5

action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

**IV. Discussion**.

Gandy has filed his complaint under the ADA, which "prohibits disability discrimination in three areas: employment, public services, and public accommodations." Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) (citation omitted). Gandy's complaint, which alleges that his employment was terminated on the basis of his physical disability, is based on Title I of the ADA, which "prohibits discrimination on the basis of disability for job application procedures; hiring, advancement, or discharge or employees; compensation; job training; and other terms, conditions and privileges of employment." Abram v. Fulton Cnty. Gov't, 598 F. App'x 672, 674 (11th Cir. 2015) (per curiam) (citing 42 U.S.C. § 12112(a)). "Plaintiffs raising claims under Title I of the ADA must comply with the same procedural requirements articulated in Title VII of the Civil Rights Act of 1964." Id.; see 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e–5). Among these is the requirement

that "an aggrieved party must file a civil action in federal court no later than 90 days after receiving a right to sue letter." Strickland v. Wayne Farms-Southland Hatchery, 132 F. Supp. 2d 1331, 1332 (M.D. Ala. 2001) (citing 42 U.S.C. § 2000e-5(f)(1)). The ninety-day filing period commences "upon receipt, and not upon the mailing of the right-to-sue notice." Norris v. Fla. Dep't of Health & Rehab. Servs., 730 F.2d 682, 683 (11th Cir. 1984) (per curiam).

Failure to bring suit within ninety days after receiving the EEOC's right-to-sue notice gives rise to a defense analogous to a statute of limitations. Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1003-04 (11th Cir. 1982). When a plaintiff proceeds *in forma pauperis* in a civil action, the court may *sua sponte* consider this defense if it is apparent from the face of the complaint. See, e.g., Bynum v. Dominos Pizza, 2017 U.S. Dist. LEXIS 215242, at *5-6, 2017 WL 5380432, at *2 (N.D. Ga. Jan. 11, 2017) (recommending dismissal under § 1915(e) when plaintiff asserted a claim under Title VII or the ADA but clearly did not file suit within ninety days of receiving notice of his right to sue), report and recommendation adopted, 2017 U.S. Dist. LEXIS 215243, 2017 WL 5443878 (N.D. Ga. Jan. 31, 2017), objections overruled sub nom. Bynum v. Pizza, 2017 U.S. Dist. LEXIS 224948, 2017 WL 11404400 (N.D. Ga. Mar. 3, 2017); see also Gant v. Jefferson Energy Co-op., 348 F. App'x 433, 434-35 (11th Cir. 2009)

7

(per curiam) (affirming district court's *sua sponte* dismissal of Title VII action under § 1915(e)(2)(B) because it was filed outside the ninety-day window).

Here, the right-to-sue letter was mailed on August 1, 2018, and Gandy's complaint specifically acknowledges that he received the notice on August 5, 2018. (See Doc. 1 at 3-4). The right-to-sue letter advised Gandy: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (See id. at 4) (emphasis in original). Gandy did not file the instant complaint until April 17, 2020, long past the ninety-day period mandated by law. Gandy has made no allegations which suggest that equitable tolling is warranted in this instance, or that anyone, other than himself, is to blame for the delay.[5] See O'Donnell v. Punta Gorda HMA, LLC, 2011 U.S. Dist. LEXIS 82179, at *4, 2011 WL 3168144, at *2 (M.D. Fla. July 27, 2011) (stating that when the plaintiff fails to bring suit within ninety days of receiving a right-to-sue letter from the

---

[5] The Court recognizes that Gandy filed his initial complaint in Gandy I on August 31, 2018, well within the ninety-day limitations period. However, that action was dismissed without prejudice for failure to state a claim on which relief could be granted. "Dismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004); see Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (noting the "general rule that the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations"); Miller v. Georgia, 223 F. App'x 842, 845 (11th Cir. 2007) (per curiam).

8

EEOC, "dismissal is appropriate, unless [the plaintiff] shows that the delay was through no fault of [his] own") (citation omitted). Thus, Gandy's complaint under the ADA is clearly untimely and due to be dismissed for failing to state a claim on which relief can be granted. See Jones v. Bock, 549 U.S. 199, 215 (2007); Key v. Redcross, 2015 U.S. Dist. LEXIS 175992, at *5, 2015 WL 10012959, at *2 (N.D. Ala. Dec. 4, 2015), report and recommendation adopted, 2016 U.S. Dist. LEXIS 14859, 2016 WL 470828 (N.D. Ala. Feb. 8, 2016).

In addition, despite being specifically advised in Gandy I of the need to plead facts that would establish the essential elements of his claims and, indeed, having his prior lawsuit dismissed for his failure to do so, Gandy's instant complaint fails to allege facts that would establish each of the elements of his ADA claim. In order to state a claim for disability discrimination under the ADA, a plaintiff must allege the elements of a *prima facie* case of discrimination, including: (1) that the plaintiff is disabled; (2) that the plaintiff is a qualified individual;[6] and (3) that the plaintiff was subjected to unlawful discrimination because of his disability. See Smith v. Miami-Dade Cnty., 621 F. App'x 955, 959

---

[6] "Under the ADA, a qualified individual is an 'individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" Medearis v. CVS Pharmacy, Inc., 646 F. App'x 891, 895 (11th Cir. 2016) (per curiam) (quoting 42 U.S.C. § 12111(8)).

9

(11th Cir. 2015) (per curiam).

In the instant complaint, Gandy alleges that he has a physical disability, and that MAE fired him while he was on medical leave and never offered him another position before firing him. (Doc. 1 at 2-3). Gandy has failed, however, to allege facts that would establish the second element of his ADA claim, i.e., that he is a qualified individual who was able to return to work and perform his position as a mechanic. The complaint does not indicate that Gandy was ever physically able to return to work and perform his job as a mechanic or, for that matter, any other position. Further, Gandy's allegation that MAE fired him "while out on medical leave" does not indicate that he was terminated because of his disability. Given Gandy's failure to allege facts directed to two of the three elements of his cause of action under the ADA, his complaint, even if it were not time-barred, would fail to state a claim for relief.

A district court's discretion to dismiss a complaint without granting leave to amend "is 'severely restrict[ed]'" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). Generally, where a more carefully drafted complaint might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action

with prejudice.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  However, a court need not permit an amendment where, *inter alia*, the "amendment would be futile."  Id.  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

As detailed above, Gandy's claim under the ADA that MAE terminated him on the basis of physical disability is plainly barred by his failure to file the instant lawsuit within ninety days of his receipt of the right-to-letter from the EEOC in August 2018.  Thus, any attempted amendment would be futile.

**V.  Conclusion.**

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED with prejudice** prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The

11

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **June, 2020.**

                         **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**